ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GOODYEAR TIRE & RUBBER CO., | ) | |
| | ) | CASE NO. 5:05CV2720 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| SOUTHWEST BRAKE & PARTS, INC., | ) | MEMORANDUM OPINION & ORDER |
| | ) | [Resolving Doc. 4] |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant Southwest Brake & Parts, Inc.'s Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. According to Defendant, the Court lacks both general and specific jurisdiction. Plaintiff, on the other hand, concedes the issue of general jurisdiction, but argues that there is specific jurisdiction because Plaintiff was transacting business in Ohio. The parties appeared before the Court for a hearing on the motion; however, they agreed to submit the matter based upon the affidavits that were attached to Defendant's motion and Plaintiff's opposition thereto. Having reviewed this matter in its entirety, the Court finds that does have personal jurisdiction over Defendant.

In considering the issue of personal jurisdiction, the Court must apply the law of the state in which it sits, subject to certain constitutional limitations. *Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994) (citation omitted). In other words, the Court must consider whether Defendant is amenable to suit under Ohio's long-arm statute and, if so, whether the application of jurisdiction violates Defendant's constitutional right to due process. *Id*.

Because Plaintiff does not argue that the Court has general jurisdiction over Defendant,

the Court must only inquire as to whether Defendant is amendable to suit under Ohio's long-arm statute. *See generally* Ohio Rev. Code Ann. § 2307.382(A).  In this case, the Court will confine its inquiry specifically as to whether Defendant was "transacting any business" in Ohio. *Id.* at § 2307.382(A)(1). Although Ohio has not extended its long-arm jurisdiction to the outer limits of due process, *Goldstein v. Christiansen*, 638 N.E.2d 541 (Ohio 1994), the term "transacting any business" is interpreted broadly, *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477 (Ohio 1990).  It means to "carry on business," to "have dealings," and it is broader than the term "contract." *Kentucky Oaks Mall Co.*, 559 N.E.2d at 480 (citation omitted).

As Plaintiff points out in its opposition to Defendant's motion, Defendant was transacting business in Ohio.  It "carried on business" and "had dealings" with Plaintiff.  Defendant makes much out of the fact that Plaintiff did not plead any breach of contract claims or specifically allege a breach of contract.  As previously stated, however, Ohio's long-arm statute is broader than the term "contract." *Id.*  Furthermore, an "action on account is appropriate where the parties *have conducted a series of transactions*, for which the balance remains unpaid." *AMF, Inc. v. Mravec*, 2 Ohio App.3d 29, 31 (Ohio App. 1981) (emphasis added).  Here, the evidence shows that the parties conducted a "series of transactions" and this "series of transactions" evidences that Defendant carried on business and had dealings sufficient to make jurisdiction appropriate.  The fact that Plaintiff did not specifically sue for breach of contract does not mean that the Court does not have personal jurisdiction over Defendant.  Moreover, the actual labeling of the claims is not dispositive, especially since an action on account often requires a plaintiff to prove all the elements of a breach of contract cause of action. *Id.* ("Where the defendant enters a general denial to the allegations of the complaint, the plaintiff must prove all the elements of a cause of

action for breach of contract.").

Here, it is clear that Plaintiff's cause of action does "arise from" Defendant's business dealings with Plaintiff. *See generally* Ohio Rev. Code Ann. § 2307.382(A) (noting that the cause of action must "arise from" the transaction of business in the forum state). The Court has examined the parties' pleadings and the relevant exhibits. And, having done so, finds that Defendant was transacting business in Ohio. *See generally U.S. Sprint Communications Co. v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1052 (Ohio 1994) (noting that the bare wording of the statute requires courts to make a case-by-case determination on the issue of whether a non-resident defendant is "transacting business" in the state). It is clear that the parties had a long-standing business relationship, and, despite the phraseology used in Plaintiff's Complaint, its causes of action are based on that relationship. Accordingly, Defendant is amenable to suit under Ohio's long-arm statute.

Having made that determination, the Court's next inquiry is whether the application of jurisdiction violates Defendant's constitutional right to due process. In making this determination, the Court must consider the following: (1) whether Defendant purposely availed itself of the privilege of acting, or causing a consequence, in the forum state; (2) whether the cause of action arose from Defendant's activities there; and (3) whether Defendant's acts or consequences of those acts have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 380 (6th Cir. 1968).

First, Defendant regularly purchased and sold goods that were manufactured by Plaintiff, an Ohio corporation. This, coupled with the parties ongoing relationship, creates a substantial

3

connection with the forum state. And, Defendant's alleged failure to pay for those goods make is such that it should have reasonably anticipated being haled into an Ohio court. *See Compuserve Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (citations omitted) (stating the requirements for a finding of due process). Second, as previously explained, Plaintiff's cause of action arose from Defendant's activities with the forum state. Third, Defendant's acts – its alleged failure to pay for the goods it purchased – have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. Based on the parties' relationship, it does not appear that Defendant's conduct was "random," "fortuitous," or "attenuated." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). Jurisdiction, therefore, is proper and Defendant's motion is DENIED.

      IT IS SO ORDERED.

| | |
|---|---|
|   April 4, 2006 | *s/John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |